IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **CLAUDIO MEDEIROS,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**TRANSUNION, LLC,**<br><br>**Defendant.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Claudio Medeiros, the Plaintiff in this case, is very much alive. TransUnion disagrees with that straightforward truth, for some inexplicable reason. Even more inexplicable, when the very alive Plaintiff mailed the Defendant a letter, apprising them of his continued vitality, the Defendant *still* refused to believe him. As a result, the Defendant is reporting Mr. Medeiros as deceased on his credit reports. Predictably, this has severely impacted Mr. Medeiros's life (not yet to the point of death, however), because lenders are disinclined to extend credit to dead folks.

2. Plaintiff, Claudio Medeiros, therefore, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that TransUnion, LLC (TransUnion) has negligently and recklessly disseminated false information regarding the Plaintiff's credit, namely by reporting him as deceased when he is clearly not, particularly after the not-dead Plaintiff notified TransUnion of its error via a written letter.

3. Plaintiff further alleges TransUnion failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and failed to

       investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Massachusetts and violated Plaintiff's rights under the FCRA in the state of Massachusetts as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Claudio Medeiros ("Plaintiff"), is a resident of Plymouth, Massachusetts and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant TransUnion is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Trans Union is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

**FACTUAL ALLEGATIONS**

10. In July of 2021, the Plaintiff went to apply for a mortgage but was told that Transunion was reporting him as 'Deceased' and therefore not providing any credit score for him.

11. Plaintiff then disputed this erroneous piece of information with TransUnion.

12. For example, by letter dated July 27, 2021, the Plaintiff mailed TransUnion a letter, stating: "This letter is my formal and legal attempt to correct the inaccurate information I found. Please see the information I am disputing below: I am not deceased, and my name is not Jack Dixon with a DOB of [Redacted]. This information is not accurate and does not apply to me.  Please immediately delete this from my credit profile."

13. Transunion received this dispute letter on August 17, 2021, as evidenced by the stamped certified mail receipt in Plaintiff's possession.

14. Defendant failed to investigate this dispute and failed to provide Plaintiff with the results of its investigation.

15. Instead, when Plaintiff again went back to his mortgage lender on October 15, 2021, his lender again attempted to pull his Transunion credit report, and then advised the Plaintiff that he still could not get a mortgage because Transunion was still reporting him as Deceased.

16. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

17. As a direct and proximate result of TransUnion's violations of the FCRA, Plaintiff has been harmed in his daily life (which – contrary to Defendants' assertions – is still ongoing).  For example, Plaintiff has been unable to get a mortgage, because Plaintiff is – at least on his TransUnion credit reports – apparently dead.  And having missed out on historically low

interest rates because of the delay caused by Transunion's reporting, when Plaintiff finally does get a mortgage, those higher rates will add tens of thousands of dollars in interest over the life of the loan.

18. Defendant's violations of the FCRA further caused the Plaintiff great distress, annoyance and frustration in his daily life, which he should not have to deal with.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANSUNION**

19. All preceding paragraphs are realleged.

20. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

21. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

22. In July of 2021, Plaintiff initiated a dispute with TransUnion requesting that they correct a specific item – the removal of any 'deceased' verbiage from his credit file that was patently inaccurate and damaging to him.

23. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, failed to conduct a reasonable investigation of the dispute and allowed this clearly inaccurate information to remain on Plaintiff's credit report many months after the FCRA required TransUnion to remove such inaccurate information.

24. As a direct and proximate result of TransUnion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as set forth

above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)

25. All preceding paragraphs are realleged.

26. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

27. Were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the 'deceased' verbiage from the Plaintiff's credit report, especially after the Plaintiff mailed a specific dispute letter to TransUnion - something uniquely within the power of a living person.

28. Furthermore, were TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report in the first place.

29. As a direct and proximate result of TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as set forth above.

## DEMAND FOR TRIAL BY JURY

30. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 28, 2022

> By: /s/ Kevin Crick
> Kevin Crick, Esq.
> BBO:  680950
> Rights Protection Law Group, PLLC
> 100 Cambridge St., Suite 1400
> Boston, MA 02114
> Phone: (617) 340-9225
> Fax: (888) 622-3715
> k.crick@rightsprotect.com
> *Attorney for Plaintiff*
>
> Yitzchak Zelman, Esq.
> MARCUS & ZELMAN, LLC
> 701 Cookman Avenue, Suite 300
> Asbury Park, New Jersey 07712
> (732) 695-3282 telephone
> (732) 298-6256 facsimile
> *Attorney for Plaintiff*
> **Pro Hac Vice Motion To Be Filed**